[Civ. No. 5596.   Second Appellate District, Division One.—June 1, 1927.]

## H. DAVIS, Appellant, v. CALIFORNIA STATE BOARD OF OPTOMETRY et al., Respondents.

[1] PHYSICIANS AND SURGEONS — PRACTICE OF OPTOMETRY — USE OF PREFIX "DOCTOR"—REVOCATION OF CERTIFICATE.—Under subdivision 7 of section 11 of the Optometry Law (Amendment of 1923, Stats. 1923, p. 386), the state board of optometry is authorized to suspend the certificate of registration of an optometrist who uses the prefix "Doctor" or "Dr." before his name and the word "Optometrist" immediately following his name, regardless of whether such use tends to defraud or mislead the general public.

[2] ID.—OPTOMETRY LAW—CONSTRUCTION.—Courts must enforce the Optometry Law (Stats. 1913, p. 1097; Stats. 1923, p. 380; Stats. 1925, p. 573), according to its meaning and intent, as properly construed by the judicial branch of the government.

[3] ID.—STATE BOARD OF OPTOMETRY—POWER TO MAKE RULES.—No power to legislate is vested in the state board of optometry, and whatever power it may have to adopt rules and regulations under subdivision 10 of section 4 of the Optometry Law may be exer-

cised in such manner only as is not inconsistent with the express provisions of the statute.

[4] Id.—Order Suspending Certificate of Optometrist—Discriminatory Regulations—Statutory Construction—Certiorari.—In a proceeding in *certiorari* to review an order of the state board of optometry suspending a certificate of registration of an optometrist, because he used the title "Dr." as a prefix to his name, whether a rule adopted by the board permitting the use of the title "Doctor" or "Dr." as a prefix under certain restrictions was discriminatory, was immaterial, since the board had no power to make regulations inconsistent with the terms of the Optometry Law.

(1) 30 Cyc., p. 1556, n. 88.    (2) 30 Cyc., p. 1548, n. 26.

APPEAL from a judgment of the Superior Court of Los Angeles County. Hartley Shaw, Judge. Affirmed.

The facts are stated in the opinion of the court.

Schweitzer & Hutton for Appellant.

W. Maxwell Burke and Burke & Catlin for Respondents.

HOUSER, J.—This is an appeal from a judgment following an order by which a demurrer to a writ of review was sustained.

It appears that appellant is an optometrist, duly registered and licensed to practice his profession in the state of California; that following an accusation preferred against appellant, and after hearing thereon before the respondent California State Board of Optometry, the appellant herein was convicted by said board of the offense of unprofessional conduct in using the title of "Dr." (doctor) as a prefix to his name; that thereupon said board pronounced judgment against appellant that his certificate of registration as an optometrist be suspended for the period of one year from and after the date of said judgment; that thereafter by a writ of review issued by the superior court in and for the county of Los Angeles, appellant sought to have the legality of said judgment determined by said superior court. Respondent demurred generally to the writ, which demurrer having been sustained by the court without leave to amend, judgment was ordered "that petitioner take nothing by his

petition, and that his petition for a writ of review be denied." From such judgment appellant prosecutes his appeal to this court.

[1] The Optometry Law (Stats. 1913, p. 1097; Stats. 1923, p. 380; Stats. 1925, p. 573) declares (subd. 7 of sec. 11 of Stats. 1923, p. 386) that the certificate of registration of any person registered as an optometrist may be revoked or suspended by the California State Board of Optometry for any of the following causes: " . . . When the holder uses the title 'Doctor' or 'Dr.' as a prefix to his name; . . . "

No question is raised by appellant as to the sufficiency of the evidence adduced before the board to justify its judgment against him; his principal point on appeal being specifically that, admitting the use by him of the prefix "Dr." before his name, it also appeared that the word "Optometrist" immediately followed his name, and that unless the use by him of the prefix "Dr." tended to defraud or mislead the general public, no offense of professional misconduct was committed, and consequently that the board acted in excess of its jurisdiction in finding the appellant guilty and pronouncing sentence against him. He argues that because from his construction of various statutes relating to the practice of several kindred professions, a practitioner in any one of them may be suspended for unprofessional conduct in the use of the prefix "Doctor" only where such use "in effect works a fraud upon the public or has a tendency to mislead the public to their injury"—the same construction should be applied to the statute here under consideration. No direct authority is cited by appellant which upholds the construction which he would place either upon the other statutes to which he refers, or on the statute which is the basis for the judgment rendered by the respondent herein. Whatever may be the correct construction or interpretation to be placed upon any other statute (regarding which we express no opinion), the plain language of the statute here in question is that "when the holder (the registrant) uses the title 'Doctor' or 'Dr.' as a prefix to his name," his certificate of registration may be revoked or suspended. The attention of this court has been directed to no language in the statute which would indicate that the action to be taken by the board in any manner de-

pended upon the effect, fraudulent or otherwise, which the use of said title before the name of any registrant under the statute would have on the general public.

In the case of *State* v. *Armstrong*, 38 Idaho, 493 [33 A. L. R. 835, 225 Pac. 491], it was held that where a woman advertised herself as "Dr. Armstrong, Chiropodist," "the evident intent (of the statute) is to prohibit the use of the word 'doctor' in such a way as to indicate that a person is a licensed practitioner of one of the learned branches of the healing art. No such inference can be reasonably drawn when the qualifying word 'chiropodist' appears in the same advertisement. No one could have been misled."

That case, however, is distinguishable from the instant case in that in the Armstrong case the statute forbade the use of the prefix " 'Doctor' or 'Dr.,' or any other terms or letters indicating or implying that he (the user of the prefix) is a doctor, physician and surgeon, or practitioner, . . . "; which qualification of the inhibition of the use of the prefix "Doctor" left a reasonable leeway for the construction which the Idaho court placed upon the statute. But in the instant case no such qualifying words appear in the statute. The language is simply that if the holder of a certificate of registration "uses the title of 'Doctor' or 'Dr.' as a prefix to his name," the offense is committed, for which the Board of Optometry is authorized to revoke or suspend the certificate of registration of such person.

In the case of *State* v. *Yegge*, 19 S. D. 234 [9 Ann. Cas. 202, 69 L. R. A. 504, 103 N. W. 17], the defendant was charged with the offense of practicing medicine without a license. Among other things, it was shown that the defendant had a sign in front of his office with the name "Dr. Yegge" thereon. In addition thereto, a "notice" signed "Dr. M. F. Yegge" was introduced in evidence, from which it appeared that the defendant advertised his business or profession as that of "Ophthalmology"; which is defined as the science which treats of the physiology, anatomy, and diseases of the eye. The statute under which the defendant was prosecuted provided that "when a person shall append or prefix the letters M. B., or M. D., or the title Dr. or Doctor or any other sign or appellation in a medical sense to his or her name, . . . (he or she) shall be regarded as practicing within the meaning of this act." (Laws S. D.

1903, chap. 176, sec. 21.)    In affirming the judgment, the court said, in part: " . . . In carrying into effect this law, it was competent for the legislature to define . . . what evidence shall be deemed sufficient to constitute a practitioner within the meaning of the act. . . . And it is not only clear from the language of the advertisement itself, which would be generally understood as an assumption on his part of being a regular physician, or at least a specialist in that branch of medicine treating of ophthalmology, but the legislature has declared that prefixing the term 'Dr.' to his name shall be so regarded. The law should not be so construed as to deprive the people of the benefits intended by the act, but such a construction should be given it as to carry into effect the evident intention of the legislature. . . . "

[2]    In the instant case, the question of fraud or injury to the public is not in issue. Neither the reason for the passage of the act, nor its possible or probable effect upon either the public at large or upon designated individuals, is involved. The act has become the law of the land and should be enforced according to its meaning and intent, properly construed by the judicial branch of the government. In the face of the positive declaration of the statute, this court would not be justified in what on its part would amount to attempted legislation to the effect that by the use of the word "optometrist" following the name of any person unauthorized to use the prefix "Doctor" or "Dr." before his name, the public would not be defrauded or misled to its injury; and consequently that in such circumstances the apparently plain intent of the statute might be evaded and rendered of no consequence.

[3]    Because of the fact that by the provision of the statute the respondent herein was authorized to adopt rules and regulations, and, furthermore, purporting to act within such power the respondent adopted a rule by which, under certain specified restrictions, a registered optometrist might use the title "Doctor" or "Dr." as a prefix to his name, it is contended by appellant that, notwithstanding the fact that the facts in his case did not come within the specifications set forth in the rule adopted by the respondent, the judgment should be reversed for the reason that the rule was discriminatory as against appellant. But it is clear

from the wording of the statute that whatever powers the respondent may have had with reference to the adoption of rules and regulations, such powers could be exercised in such manner only as was not inconsistent with the express provisions of the statute. (Subd. 10, sec. 4, Stats. 1913, p. 1097; subd. 10, sec. 4, Stats. 1923, p. 380.) That the respondent possessed no power to legislate is illustrated and decided in principle in each of the following cases, to wit: *Hewitt* v. *Board of Medical Examiners,* 148 Cal. 590 [113 Am. St. Rep. 315, 7 Ann. Cas. 750, 3 L. R. A. (N. S.) 896, 84 Pac. 39]; *Van Camp Sea Food Co.* v. *Newbert,* 76 Cal. App. 445 [244 Pac. 946].

[4] It follows that even conceding (without deciding) that the rule to which appellant has referred was discriminatory as against him, the point is not available as affecting the rights of appellant in the premises.

The judgment is affirmed.

Conrey, P. J., and York, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 28, 1927.